# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| GENERAL MILLS, INC. | Case No. 19-CV-258 (NEB/DTS) |
| Plaintiff, | |
| v. | ORDER TO REMAND |
| RETROBRANDS USA, LLC, and JEFFREY L. KAPLAN, | |
| Defendants. | |

This case involves an alleged breach of a settlement agreement. Plaintiff General Mills, Inc. ("General Mills") requests that this Court remand this case to state court. The Defendants contend that remand is inappropriate because there is federal-question jurisdiction under the Lanham Act. Because this case involves only state law breach-of-contract claims, the Court orders this case to be remanded to Minnesota state court.

## BACKGROUND

General Mills sued the Defendants in Minnesota state court. [ECF No. 1-1.] The complaint alleges that Jeffrey L. Kaplan breached a settlement agreement dated July 13, 2009. (*Id.* ¶ 1.) The agreement settled an ongoing trademark dispute between General Mills' subsidiary, The Pillsbury Company, LLC, and the Defendants. (*Id.* ¶ 9.) According to the complaint, the Defendants "breached the Settlement Agreement by filing an

application for the mark DUNKAROOS for 'cereal-based snack foods' with the USPTO under Serial No. 88/119,368." (*Id.* ¶ 17.)

The Defendants removed the case to federal court. [ECF No. 1.] This Court indicated in an order that it had concerns about whether it had subject-matter jurisdiction over the case and requested the parties either stipulate to remand or brief the issues pursuant to a briefing schedule. [ECF No. 7.] The Defendants filed a Memorandum in Support of Removal [ECF No. 9] and General Mills filed a response, requesting the Court remand the case to state court. [ECF No. 11.][1]

**ANALYSIS**

This Court must make sure it has subject-matter jurisdiction over this case. *See* 28 U.S.C. 1447(c); *Bueford v. Resolution Tr. Corp.*, 991 F.2d 481, 485 (8th Cir. 1993). It may, therefore, raise the issue of subject-matter jurisdiction *sua sponte*. *Blueford*, 991 F.2d at 485. The parties do not argue there is diversity between them, so this Court must determine whether federal-question jurisdiction is present in this case. *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 8 (1983) ("For this case—as for many cases where there is no diversity of citizenship between the parties—the propriety of removal turns on whether the case falls within the original 'federal question' jurisdiction of the United States district courts.") Pursuant to 28 U.S.C § 1331, "[t]he

---

[1] General Mills also requests this Court award it attorney fees. [ECF No. 11 at 1.] The Court denies this request.

district courts shall have jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The Supreme Court has made clear that "[t]he rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

To determine whether a "well-pleaded complaint" establishes federal-question jurisdiction, courts must consider whether (1) "federal law creates the cause of action" or (2) "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.* 463 U.S. at 27–28. General Mills does not allege a federal cause of action in this case. Count I of the complaint alleges a state law breach of contract and Count II seeks a declaratory judgment under the Minnesota Declaration Judgment Act. [ECF No. 1-1 ¶¶ 21–35.] Neither count qualifies as a federal cause of action. *See Meyers v. Richland Cty.*, 429 F.3d 740 (8th Cir. 2005) ("Because an action to enforce a settlement agreement is a claim for breach of contract, it should be heard in state court unless it has 'its own basis for jurisdiction.'") (citing *Kokkonen v. Guardian Life Insurance Co. of Am.*, 511 U.S. 375, 377 (1994)). The Defendants argue that General Mills has pled trademark infringement under the Lanham Act in the complaint, but the complaint does not allege trademark infringement as a cause of action. [ECF No 9 at 4.] Rather, it alleges

3

the Defendants breached the settlement agreement through trademark infringement. The complaint, therefore, only raises state law claims. As a result, General Mills has not raised a federal cause of action in the complaint and this Court lacks subject-matter jurisdiction over this case.[2]

The Defendants also argue that General Mills has sought remedies exclusive to the Lanham Act in the complaint. (*Id.* at 5.) However, General Mills merely seeks damages for losses it incurred as the result of the Defendants' alleged breach of the settlement agreement. "[T]he appropriate measure of damages for breach of contract is that amount which will place the plaintiff in the same situation as if the contract had been performed." *Peters v. Mut. Ben. Life Ins. Co.*, 420 N.W.2d 908, 915 (Minn. Ct. App. 1988). And courts may award specific performance under certain circumstances. *Saliterman v. Bigos*, 352 N.W.2d 494, 496 (Minn. Ct. App. 1984). The Court need not assess the validity of the damages requested at this point in the litigation—it is enough to determine whether the

---

[2] Courts have routinely come to the same result in similar cases. *See, e.g., Gibraltar, P.R., Inc. v. Otoki Grp., Inc.*, 104 F.3d 616, 619 (4th Cir. 1997) (affirming the district court's dismissal of case for lack of subject-matter jurisdiction because "[r]esolution [did] not depend on the Lanham Act or any other federal law, but rather upon the construction of the contract under Puerto Rican law."); *Int'l Armor & Limousine Co. v. Moloney Coachbuilders, Inc.*, 272 F.3d 912, 914 (7th Cir. 2001) (finding no subject-matter jurisdiction because case was ultimately a contract dispute even though "the contracts . . . are *about* trademarks, so a claim under the Lanham Act may be derivative of the rights conferred."); *Lovell v. Bad Ass Coffee Co. of Hawaii*, 103 F. Supp. 2d 1233, 1239 (D. Haw. 2000) (finding no federal question under the Lanham Act because the plaintiffs "claim[ed] that their right to utilize the mark is based on a contract and/or a license.").

4

damages requested arise from a federal or state cause of action. General Mills asks the presiding court, among other things, to "[e]nter an order requiring Defendants to specifically perform their obligations under the Settlement Agreement, including withdrawing their application for the DUNKAROOS trademark and the DUNKAROOs Cancellation action" and "[a]ward[] General Mills damages . . . consisting of the legal fees and costs it has incurred and will incur to defend the DUNKAROOS Cancellation action." [ECF No. 1-1 at 11.] The requested relief would merely put General Mills in the position it would have been in if the Defendants had not allegedly breached the settlement agreement by interfering with General Mills' trademark. These damages flow from the alleged state cause of action for breach of contract. As a result, General Mills' requested damages do not change the Court's determination of whether it has subject-matter jurisdiction over this case.

And no exceptions to the well-pleaded-complaint rule apply here. The Supreme Court has held that a federal court may have jurisdiction over a settlement agreement when "the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Kokkonen*, 511 U.S at 381. The Court in *Kokkonen* found that neither circumstance was present, and thus federal courts had no ancillary jurisdiction over disputes arising from the settlement agreement. *Id.* There is no

evidence before this Court that either of those circumstances has occurred in this case either. This case, like *Kokkonen*, must therefore be remanded to state court.

Additionally, this case does not depend on the resolution of a substantial issue of federal law. The Supreme Court has held that:

> [F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four of these requirements are met, we held, jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts.

*Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 313–14 (2005). It is a "special and small category" of cases that meet these factors. *Id.* (citation omitted). The Supreme Court confronted a case similar to this one in *Gunn*, where the plaintiff sued his attorney for committing malpractice in a patent case for failing to argue an experimental-use exception. 568 U.S at 253. The Supreme Court held that federal patent law may be necessary to the plaintiff's case because the district court had to use patent law to understand if the attorney breached a duty. *Id.* at 259. The Court also held that whether the experimental-use exception applied was "actually disputed," but that the plaintiff's arguments failed the third and fourth factors—whether the federal issue was "substantial" and "capable of resolution in federal court without disrupting the federal-state balance approved by

Congress." *Id.* The Court determined that the federal issue was not substantial because "it will not change the real-world result of the prior federal patent litigation," nor would it "undermine the development of a uniform body of [patent] law." *Id.* at 261 (internal quotation marks and citation omitted). Finally, the *Gunn* Court also determined that allowing a state court to determine the case would not upset the balance of state and federal judicial responsibilities. *Id.* at 264.

The same analysis applies here. The Defendants argue "to the extent that the underlying question is the significance of Retrobrands' registration (and not use) of the DUNKAROOS intent-to-use mark, that is a federal question and federal question alone." [ECF No. 9 at 6.] The Defendants are correct that whether they breached the agreement may require some interpretation of federal trademark law. However, such analysis would go only to whether the Defendants breached a contract—fundamentally, a state law dispute. Whether the Defendants breached the agreement does not affect the underlying prior trademark dispute, nor does it implicate any substantial federal issue that could impact other cases.[3] Just as patent law in *Gunn* applied only to whether the attorney committed malpractice, trademark law here would be implicated only to

---

[3] The Defendants argue that "the original proceeding in this matter is Retrobrands' cancellation action, not the state court action." [ECF No. 9 at 5.] However, the Defendants give no reasoning for this assertion. General Mills filed a complaint in Minnesota state court for breach of contract. And it was that state court complaint that was removed to federal court. The fact that the Defendants have also filed a cancellation action does not change the nature of this suit.

7

determine whether the Defendants breached the settlement agreement. It would not impact the body of case law under the Lanham Act nor impact the disposition of future trademark cases. This case therefore does not fall in the "special and small category" of cases that, despite alleging state law causes of action, raise a substantial issue of federal law. As a result, there is no federal-question jurisdiction in this case and the Court must remand it to state court.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, General Mills' request for remand [ECF No. 11] is GRANTED and IT IS HEREBY ORDERED that this case be remanded to state court.

Dated: April 12, 2019  BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge